## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| LORETTA TUTEIN, ROBERT TUTEIN, JAMES THOMAS, JEANINE THOMAS, DANDRIDGE HENRY, DEROY JEREMIAH, EVANIE JEREMIAH, JOAQUIN MERCADO, LISEL MERCADO, CARLTON GREENE, FRANCIS DANIEL, ROSE DANIEL and CAROLYN JOESPH, <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>INSITE TOWERS, LLC and UNITED STATES VIRGIN ISLANDS DEPARTMENT OF PLANNING AND NATURAL RESOURCES, <br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 12-071<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Attorneys:**
**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
　　*For the Plaintiffs*

**A. Jennings Stone, Esq.,**
**Nycole A. Thompson, Esq.,**
St. Thomas, U.S.V.I.
　　*For the Defendant Insite Towers, LLC*

**Melvin H. Evans, Jr., Esq.,**
St. Croix, U.S.V.I.
　　*For the Defendant Virgin Islands Department of Planning and Natural Resources*

## **MEMORANDUM OPINION**

**Lewis, District Judge**

　　THIS MATTER is before the Court on Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 20), which Defendants oppose. Oral argument was held on December 18, 2012. For the reasons that follow, the Court will deny Plaintiffs' Motion.

## I. BACKGROUND

**A.  Procedural History**

By Complaint dated June 14, 2012, Plaintiffs—landowners in the Mt. Pleasant area of St. Croix, United States Virgin Islands—initiated a civil action against Defendant Insite Towers, LLC ("Insite") in the Superior Court of the Virgin Islands to recover damages for, and halt the construction and activation of, a telecommunications tower in their neighborhood. (Dkt. No. 1-1). Insite timely removed the action to this Court. (Dkt. No. 1). On August 10, 2012, Plaintiffs filed an Amended Complaint (Dkt. No. 10-2), naming the United States Virgin Islands Department of Planning and Natural Resources ("DPNR") as an additional defendant. In the Amended Complaint, Plaintiffs allege that the manner in which DPNR granted Insite permits to construct the tower violated their procedural and substantive due process rights under the Fourteenth Amendment to the Constitution. Plaintiffs also allege the following claims under Virgin Islands law against both Insite and DPNR: (1) private nuisance; (2) public nuisance; (3) negligent infliction of emotional distress; (4) intentional infliction of emotional distress; and (5) negligence *per se*.

On September 13, 2012, Plaintiffs filed the instant Motion for Preliminary Injunction seeking "a preliminary and permanent injunction ordering [Insite] to cease construction and activation of [the tower]" and "an order forcing [Insite] to remove the tower from the Mount Pleasant neighborhood[.]" (Dkt. No. 20 at 1-2).[1] Insite filed its Opposition on September 27, 2012 (Dkt. No. 26), and Plaintiffs filed a Reply on October 11, 2012 (Dkt. No. 32). On December 16, 2012, DPNR filed a notice indicating that it adopted and joined in the positions

---

[1] As counsel for Plaintiffs acknowledged at oral argument held on December 18, 2012, because the tower has already been constructed, the issue for purposes of the preliminary injunction is to maintain the status quo by preventing activation of the tower, not halting construction of the tower or requiring its immediate removal.

expressed in Insite's filings. (Dkt. No. 41). Oral argument was held on the Motion for Preliminary Injuction on December 18, 2012, and the Court ordered supplemental briefing. (Dkt. No. 46). The parties complied with the Order and filed the supplemental memoranda (Dkt. Nos. 48-52). The matter is now ripe for disposition.

**B.     Factual Background**[2]

Plaintiffs are landowners in the Mt. Pleasant area of St. Croix. On July 22, 2008, Puerto Rico Tower, Inc. applied for an Earth Change Permit from DPNR to construct a one-hundred foot tall telecommunications tower on a Mt. Pleasant parcel of land designated as Plot Number 72. DPNR deemed that application completed on September 11, 2008, and issued the permit two weeks later. On October 7, 2008, Insite applied for a Building Permit to construct the telecommunications tower on Plot No. 72, and the permit was issued on October 29, 2008. (Dkt. No. 20 at 3).

In December 2008 and before Insite began construction of the tower, DPNR issued a moratorium on the construction of telecommunication towers in the Virgin Islands. During the moratorium, DPNR drafted new rules and regulations regarding the construction of such towers. The new rules and regulations were issued on December 28, 2011. (*Id.* at 4-5).

On December 15, 2011, the Commissioner of DPNR responded to a request from Insite to waive the moratorium and allow Insite to construct the previously approved and permitted tower on Plot No. 72. In granting the waiver, DPNR required Insite to comply with the terms of the then-pending regulations, as well as limit the height of the proposed tower to seventy-five feet. (*Id.* at 6). Thereafter, Insite formally filed for a renewal of the Earth Change and Building

---

[2] The following facts are taken from the Amended Complaint (Dkt. No. 10-2) and Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 20). These facts are assumed to be true for purposes of this Memorandum Opinion only. Factual disputes will ultimately be resolved at a later stage of this litigation.

Permits for Plot No. 72. On January 12, 2012, DPNR issued the permits. The permits indicate that the applications were received and reviewed on the same day they were issued. (*Id.* at 7).

In April 2012, Insite posted the permits along the boundary of Plot No. 72. Within days, Insite erected a steel tower approximately seventy-five feet tall. (*Id.* at 8). As of the date of the hearing on the preliminary injunction, the tower had not been activated.[3]

## II. LEGAL STANDARD

The Third Circuit has articulated the standard for granting a preliminary injunction pursuant to Fed. R. Civ. P. 65 as follows:

> To determine whether to grant a preliminary injunction, "a district court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest."

*Iles v. de Jongh*, 638 F.3d 169, 172 (3d Cir. 2011) (quoting *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009)). Injunctive relief is "'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). "The purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits." *Anderson v. Davila*, 125 F.3d 148, 156 (3d Cir. 1997). If Plaintiffs are unable to establish that each element is in their favor, a preliminary injunction should not issue. *P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) (citing *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)); *Goodwin v. Castille*, 465 F. App'x 157, 160 (3d Cir. 2012) (citing same).

---

[3] Counsel for Insite explained at the hearing that a current customer of Insite as well as other potential customers who are dissatisfied with the temporary accommodations Insite has provided are prospective subtenants of the telecommunications tower at Plot. No. 72.

4

As the Third Circuit has made clear, the failure to demonstrate irreparable harm, by itself, is fatal to a motion for preliminary injunctive relief. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989) ("[I]rreparable injury must be present for a preliminary injunction to issue. '[A] failure to show a likelihood of success or a failure to demonstrate irreparable harm must necessarily result in a denial of a preliminary injunction.'") (quoting *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)); *Commonwealth of P.A. ex rel. Creamer v. U.S. Dep't of Agric.*, 469 F.2d 1387, 1388 n.2 (3d Cir. 1972) (quoting *Nat'l Land & Inv. Co. v. Specter*, 428 F.2d 91, 97 (3d Cir. 1970), for the "elementary principle that a preliminary injunction shall not issue except upon a showing of irreparable injury"); *Figueroa v. Precision Surgical, Inc.*, 423 F. App'x 205, 210 (3d Cir. 2011) (stating that "preliminary injunctive relief was foreclosed by the District Court's finding that [Plaintiff] did not demonstrate irreparable injury") (citing *Instant Air Freight Co.*, 882 F.2d at 801); *ACE Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 732 (3d Cir. 2009) ("A failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction.") (citing *Instant Air Freight Co.*, 882 F.2d at 800).

Because the Court concludes that Plaintiffs have failed to demonstrate that they will be irreparably injured absent the issuance of a preliminary injunction, the Court will deny their Motion.

### III.   DISCUSSION

The Third Circuit has emphasized that, in order to show irreparable harm, "the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the *only* way of protecting the plaintiff from harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) (quoting *Instant Air*

*Freight Co.*, 882 F.2d at 801) (emphasis added); *Hynoski v. Columbia Cnty. Redev. Auth.*, No. 11-2861, 2012 U.S. App. LEXIS 13141, *9 (3d Cir. June 27, 2012) (citing same). "The key word in this consideration is *irreparable*[,]" *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citations and footnotes omitted, emphasis in original), which "connotes that which cannot be repaired, retrieved, put down again, atoned for. . . ." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) (citations and internal quotations marks omitted).

Following oral argument on the instant Motion for Preliminary Injunction, the Court issued an Order directing Plaintiffs to submit additional briefing to clarify their claim of irreparable harm in this case. (Dkt. No. 46). In response, Plaintiffs assert that the alleged violation of their constitutional rights—i.e., that Plaintiffs' due process rights were violated when they did not have the proper prior notice and opportunity to object to the construction of the tower—constitutes irreparable injury. (Dkt. No. 49 at 2).[4]

This argument is unpersuasive. If Plaintiffs ultimately prevail on the merits, the Court could, in fact, fashion a remedy to redress the alleged due process violations and resultant harm. Specifically, the Court could cure the alleged harm by entering an order that would ensure that no structure would persist on Plot No. 72 absent due process—that is, unless Plaintiffs were given whatever procedural safeguards are required under the Fourteenth Amendment, and the propriety of the construction was legitimized by the due process afforded. Because such a post-trial remedy is available, Plaintiffs' alleged injury cannot be deemed "irreparable" and a preliminary injunction is unwarranted. *Campbell Soup Co.,* 977 F.2d at 91 (requiring plaintiff to

---

[4] While Plaintiffs' Amended Complaint includes both procedural and substantive due process claims against DPNR, both claims are based on the contention that DPNR acted improperly during the tower permitting process. (Dkt. No. 10-2 at 11-12). The Court will refer to both claims collectively as Plaintiffs' "due process" or "constitutional" claims.

"demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial").

Plaintiffs do not address the availability of such equitable relief, but instead rely on the argument that a court may conclude that irreparable harm will occur whenever a constitutional right is being threatened or impaired. (Dkt. No. 49 at 3). However, the Third Circuit has rejected the argument that claims of constitutional violations are presumptively considered irreparable injury. *Pennsy Supply Inc. v. Susquehanna River Basin Comm'n*, No. 1:CV-06-2454, 2007 U.S. Dist. LEXIS 11844, *4-5 (M.D. Pa. Feb. 20, 2007) (citing *Hohe v. Casey*, 868 F.2d 69, 72-73 (3d Cir. 1989)); *Conchatta, Inc. v. Evanko*, 83 F. App'x 437, 442 (3d Cir. 2003) (citing same). Moreover, allegations of due process violations, in particular, have been found not to automatically satisfy the irreparable harm requirement. *Vaqueria Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 484-85 (1st Cir. 2009) ("[I]t cannot be said that violations of plaintiffs' rights to due process and equal protection automatically result in irreparable harm."); *Johnson v. City & Cnty. of San Francisco*, No. C 09-05503 JSW, 2010 U.S. Dist. LEXIS 88875, *10 (N.D. Cal. Aug. 5, 2010) (quoting *Vaqueria Tres Monjitas, Inc.*, 587 F.3d at 484-85).

Plaintiffs acknowledge in their supplemental briefing that they have been unable to find authority supporting the proposition that due process violations constitute irreparable harm *per se*. (Dkt. No. 49 at 5). While Plaintiffs argue that the Court should nonetheless find irreparable harm here because a constitutional right is being threatened or impaired, the cases cited by Plaintiffs are inapt in the present context because they stem from First and Fourth Amendment violations. (*See id.* at 3-7). As the First Circuit has noted: "certain constitutional violations are more likely to bring about irreparable harm" than others, and this status has generally been reserved for "infringements of free speech, association, privacy or other rights as to which

7

temporary deprivation is viewed of such qualitative importance as to be irremediable by any subsequent relief." *Vaqueria Tres Monjitas, Inc.*, 587 F.3d at 484 (citing *Pub. Serv. Co. of N. H. v. West Newbury*, 835 F.2d 380, 382 (1st Cir. 1987)) (internal quotation marks omitted).[5] Accordingly, Plaintiffs' argument does nothing to alter the Court's conclusion that an adequate post-trial remedy exists here, and that Plaintiffs cannot, therefore, establish irreparable harm.

Plaintiffs also argue that, if the Court concludes that monetary damages are available for the constitutional violations and common law claims alleged in this matter, then such damages would be an *inadequate* remedy because the Virgin Islands Tort Claims Act, V.I. CODE ANN. tit. 33, §§ 3401, *et seq.* ("VITCA"), limits potential recovery from the Government of the Virgin Islands to $25,000. (Dkt. No. 49 at 2). According to Plaintiffs, any remedy at law would thus be inadequate and the harm to Plaintiffs irreparable. This argument is unconvincing as well.

With regard to the constitutional claims, the VITCA could not limit recovery of compensatory damages from the DPNR for the alleged due process violations because such damages are not available in the first place. Although the legal authority that provides the vehicle for Plaintiffs' assertion of constitutional violations is not expressly invoked in Plaintiffs' Amended Complaint, counsel for Plaintiffs noted at oral argument that these claims are brought against DPNR pursuant to 42 U.S.C. § 1983. It is well-established, however, that "[n]either the Territory of the Virgin Islands nor its officers acting in their official capacities are 'persons' under 42 U.S.C. § 1983." *McCauley v. Univ. of the V. I.*, 618 F.3d 232, 240 (3d Cir. 2010) (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1037 (3d Cir. 1993)). Accordingly, they may not be sued for money damages, but for prospective injunctive relief only. *Iles*, 638 F.3d at 177

---

[5] Even Plaintiffs own brief recognizes that not all constitutional rights are deemed equal in the irreparable harm context. (Dkt. No. 49 at 7) (quoting *Norfolk Southern Corp. v. Oberly*, 594 F. Supp. 514, 522 (D. Del. 1984)).

(citations omitted).[6] Thus, as discussed above, a post-trial equitable order would be the appropriate remedy to cure the alleged due process violations. The cap on recovery imposed by the VITCA, therefore, has no impact on the adequacy of the remedy available for the constitutional violations alleged.

Plaintiffs' argument also fails with respect to their common law claims. "The irreparable harm requirement is met if a plaintiff demonstrates a *significant risk* that he or she will experience harm that cannot be *adequately compensated* after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3d Cir. 2000) (emphasis added). Here, Plaintiffs assert that monetary damages will be inadequate because their recovery from DPNR is limited by the VITCA to $25,000. However, this argument ignores the fact that Plaintiffs have asserted the common law claims against both DPNR and Insite (a private actor), and that the VITCA does not limit Insite's potential liability. Indeed, Plaintiffs' Amended Complaint requests that the Court enter judgment "[d]irecting Insite [] to pay the Plaintiffs compensatory damages for the injuries Plaintiffs suffered as a result of the Defendant's wrongful acts[.]" (Dkt. No. 10-2 at 15).[7] Accordingly, the Court concludes that Plaintiffs have failed to demonstrate a "significant risk" that an ultimate award of monetary damages would inadequately compensate Plaintiffs with respect to their common law claims.

Finally, although Plaintiffs argue in their supplemental briefing that the violation of their due process rights and the cap on monetary damages imposed by the VITCA render the harms that they are suffering irreparable, the alleged injuries identified in Plaintiffs' Motion for

---

[6] Consistent with this legal principle, Plaintiffs' Amended Complaint does not include a request for compensatory damages from DPNR on the constitutional claims. (Dkt. No. 10-2 at 15).

[7] As noted earlier, Plaintiffs do not make a similar request for compensatory damages from DPNR in the prayer for relief. (*See* Dkt. No. 10-2 at 15).

Preliminary Injunction (Dkt. No. 20) do not themselves rise to the level of irreparable harm. Many of the alleged injuries are wholly speculative in nature. (*See id.* at 9-10; 17-18) (claiming that the tower "is expected to produce a humming sound" when it is activated; that the tower will have "light fixtures that will be installed, [which] will interfere with the sleep and well-being of the [Plaintiffs]"; and that Plaintiffs "fear that the tower may fall"). Such speculative allegations do not constitute irreparable harm. *See Adams*, 204 F.3d at 488 ("the risk of irreparable harm must not be speculative") (citations omitted). The other harms alleged to have occurred are compensable by monetary damages. (*See* Dkt. No. 20 at 9-10; 17-18) (claiming diminution in property value, dirt contamination from the construction site, shadows and glare, and the stress from seeing an "unsightly" tower which is "an eyesore"). Thus, these harms are not irreparable. *Adams*, 204 F.3d at 484-85 ("The irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages.") (citation omitted).

In sum, Plaintiffs have failed to demonstrate that they will be irreparably harmed in the absence of a preliminary injunction. This is fatal to Plaintiffs' request for preliminary injunctive relief. *Instant Air Freight Co.*, 882 F.2d at 800; *Creamer*, 469 F.2d at 1388 n.2.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs have failed to establish that they will be irreparably harmed absent the extraordinary relief of a preliminary injunction. Because a finding of irreparable harm is a prerequisite to the issuance of a preliminary injunction, the Court will deny Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 20). An appropriate Order accompanies this Memorandum Opinion.

Date: January 25, 2013          _____/s/_____
                                WILMA A. LEWIS
                                 District Judge