## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| LORETTA TUTEIN, ROBERT TUTEIN, JAMES THOMAS, JEANINE THOMAS, DANDRIDGE HENRY, DEROY JEREMIAH, EVANIE JEREMIAH, JOAQUIN MERCADO, LISEL MERCADO, CARLTON GREENE, FRANCIS DANIEL, ROSE DANIEL and CAROLYN JOESPH,<br><br>        Plaintiffs,<br><br>v.<br><br>INSITE TOWERS, LLC and UNITED STATES VIRGIN ISLANDS DEPARTMENT OF PLANNING AND NATURAL RESOURCES,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 12-071<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Attorneys:**
**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiffs*

**A. Jennings Stone, Esq.,**
**Nycole A. Thompson, Esq.,**
St. Thomas, U.S.V.I.
    *For the Defendant Insite Towers, LLC*

**Melvin H. Evans, Jr., Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant Virgin Islands Department of Planning and Natural Resources*

## **MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER is before the Court on the Motion to Dismiss (Dkt. No. 12) filed by Defendant Insite Towers, LLC ("Insite") pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs oppose the Motion. For the reasons that follow, the Court will grant the Motion and dismiss this action.

## I. BACKGROUND

### A. Procedural History

By Complaint dated June 14, 2012, Plaintiffs—landowners in the Mt. Pleasant area of St. Croix, United States Virgin Islands—initiated a civil action against Insite in the Superior Court of the Virgin Islands to recover damages for, and halt the construction and activation of, a telecommunications tower in their neighborhood. (Dkt. No. 1-1). Insite timely removed the action to this Court. (Dkt. No. 1). On August 10, 2012, Plaintiffs filed an Amended Complaint (Dkt. No. 10-2), naming the United States Virgin Islands Department of Planning and Natural Resources ("DPNR") as an additional defendant.

In the Amended Complaint, Plaintiffs allege that the manner in which DPNR granted Insite permits to construct the tower violated their procedural and substantive due process rights under the Fourteenth Amendment to the Constitution. Plaintiffs also allege the following claims under Virgin Islands law against both Insite and DPNR: (1) private nuisance; (2) public nuisance; (3) negligent infliction of emotional distress; (4) intentional infliction of emotional distress; and (5) negligence *per se*.

On September 13, 2012, Plaintiffs filed a Motion for Preliminary Injunction seeking "a preliminary and permanent injunction ordering [Insite] to cease construction and activation of [the tower]" and "an order forcing [Insite] to remove the tower from the Mount Pleasant neighborhood[.]" (Dkt. No. 20 at 1-2). Insite filed its Opposition on September 27, 2012 (Dkt. No. 26), and Plaintiffs filed a Reply on October 11, 2012 (Dkt. No. 32). On December 16, 2012,

2

DPNR filed a notice indicating that it adopted and joined in the positions expressed in Insite's filings. (Dkt. No. 41).

On December 18, 2012, the Court held oral argument on the Motion for Preliminary Injunction. (Dkt. No. 47). After requesting and receiving supplemental memoranda from the parties (Dkt. Nos. 48-52), the Court denied Plaintiffs' Motion for Preliminary Injunction by Memorandum Opinion issued on January 25, 2013. (Dkt. No. 54). The Court concluded that preliminary injunctive relief was not warranted given Plaintiffs' failure to demonstrate that they would be irreparably harmed absent the granting of such relief. (*Id.* at 10).

Presently before the Court is Insite's Motion to Dismiss and supporting memorandum (Dkt. No. 12, 13), which seek the dismissal of Plaintiff's Amended Complaint pursuant to Rule 12(b)(6). Plaintiffs filed an Opposition on September 14, 2012 (Dkt. No. 21), and Insite filed its Reply on October 1, 2012. (Dkt. No. 30). On December 16, 2012, DPNR filed a "Notice of Joinder" (Dkt. No. 41), indicating that it adopted and joined in Insite's filings. The matter is ripe for resolution.

**B.     Factual Background**

In view of the applicable legal standard, *see infra*, Part II, Plaintiffs' factual allegations are accepted as true for purposes of resolving Insite's Motion to Dismiss.[1]

---

[1] Here, Plaintiffs' factual allegations stem from both the Amended Complaint (Dkt. No. 10-2), and documents relied on by Plaintiffs whose authenticity is not in dispute. *See Gov't Guar. Fund of Fin. v. Hyatt Corp.*, 955 F. Supp. 441, 449 (D.V.I. 1997) ("When ruling on a motion to dismiss, courts may consider undisputed documents relied upon by the claimant even if such documents are not attached to the claimant's pleading.") (citing *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)); *Acosta v. Hovensa, LLC*, 53 V.I. 762, 768 n.1 (D.V.I. 2010) (same). In opposition to the instant Motion to Dismiss, Plaintiffs expressly "incorporate[d] by reference all of the facts alleged" in the Amended Complaint and their previously filed Motion for Preliminary Injunction. (Dkt. No. 21 at 2). In their Amended Complaint and Motion for Preliminary Injunction, Plaintiffs also attached and incorporated by reference, *inter alia*, a copy of the rules and regulations promulgated by DPNR in 2011

Plaintiffs are landowners in the Mt. Pleasant area of St. Croix. (Dkt. No. 10-2 at ¶¶ 11-27). On July 22, 2008, Puerto Rico Tower, Inc. applied for an Earth Change Permit from DPNR to construct a one-hundred foot tall telecommunications tower on a Mt. Pleasant parcel of land designated as Plot Number 72. (Dkt. No. 20-16). DPNR deemed that application completed on September 11, 2008, and issued the permit two weeks later. (Dkt. No. 20-17). On October 7, 2008, Insite applied for a Building Permit to construct the telecommunications tower on Plot No. 72, and the permit was issued on October 29, 2008. (Dkt. No. 20-18).

In December 2008 and before Insite began construction of the tower, DPNR issued a moratorium on the construction of telecommunication towers in the Virgin Islands. During the moratorium, DPNR drafted new rules and regulations regarding the construction of such towers. The new rules and regulations—the United States Virgin Islands Wireless Facility and Wireless Support Structure Rules and Regulations—were issued on December 28, 2011. (Dkt No. 20 at 4-5; Dkt. No. 20-20).

On December 15, 2011, the Commissioner of DPNR responded to a request from Insite to waive the moratorium and allow Insite to construct the previously approved and permitted tower on Plot No. 72. (Dkt. No. 20-21). In granting the waiver, DPNR required Insite to comply with the terms of the then-pending new rules and regulations, as well as to limit the height of the proposed tower to seventy-five feet. (*Id.*). Thereafter, Insite formally filed for a renewal of the Earth Change and Building Permits for Plot No. 72. On January 12, 2012, DPNR issued the permits. The permits indicate that the applications were received and reviewed on the same day they were issued. (Dkt. Nos. 20-22, 20-23).

---

regarding the construction of telecommunication towers, copies of the permits at issue in this case, and related application materials. (Dkt. Nos. 10-3, 20-16 – 20-24). Neither Insite nor DPNR dispute these documents.

In April 2012, Insite posted the permits along the boundary of Plot No. 72. Within days, Insite erected a steel tower approximately seventy-five feet tall. (Dkt. No. 10-2 at ¶¶ 37, 43).

## II. APPLICABLE LEGAL PRINCIPLES

Under the Supreme Court decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), when presented with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6):

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1950); *Acosta v. Hovensa, LLC*, 53 V.I. 762, 770 (D.V.I. 2010). "A district court may grant the motion to dismiss only if, accepting all factual allegations as true and construing the complaint in the light most favorable to plaintiff, it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Acosta*, 53 V.I. at 771 (citing *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotations and brackets omitted)).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McTernan v. City of York*, 577 F.3d 521, 531 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1950). While the Court must determine whether the facts as pleaded state a plausible claim for relief, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." *Fowler,* 578 F.3d at 213 (quoting *Twombly*, 550 U.S. at 556).

5

"On a motion to dismiss, the Court 'may consider documents that are attached to or submitted with the complaint and any matters incorporated by reference or integral to the claim, [and] items subject to judicial notice.'" *Acosta*, 53 V.I. at 768 n.1 (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)); *see also Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 (3d Cir. 2006) ("Courts may consider matters of public record, exhibits attached to the complaint, and undisputedly authentic documents attached to a motion to dismiss.").

### III. DISCUSSION

Insite argues, *inter alia*, that the Amended Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiffs failed to exhaust their administrative remedies. Specifically, Insite contends that: (1) all of Plaintiffs' claims stem from DPNR's permitting process (and the resultant tower construction by Insite); and (2) Plaintiffs failed to appeal DPNR's decisions and actions to the Virgin Islands' Board of Land Use Appeals ("BLUA") pursuant to 29 V.I.C. § 295, which is a prerequisite to seeking judicial review of the permitting process. (Dkt. No. 13 at 6-9).[2]

Plaintiffs, in turn, do not dispute that: (1) Virgin Islands law provides for an appeal to the BLUA of challenges to decisions by DPNR; (2) Plaintiffs failed to use this procedure before filing the instant lawsuit; or (3) failure to exhaust administrative remedies can lead to dismissal of an action. Instead, Plaintiffs argue that in this particular case, they were excused from exhausting their administrative remedies before the BLUA. (Dkt. No. 21 at 3-13). The Court will provide background on the BLUA before addressing Plaintiffs' specific arguments regarding being excused from the exhaustion requirement.

---

[2] Insite advances several other arguments in support of its Motion to Dismiss. (*See* Dkt. No. 13 at 9-19). However, in view of the Court's resolution of the exhaustion issue, it need not address the remaining arguments.

6

A.     **Board of Land Use Appeals**

"Virgin Islands law provides for administrative review of the DPNR's action." *George v. Plaskett*, 232 F. Supp. 2d 486, 489 (D.V.I. 2002). Specifically, 29 V.I.C. § 295, provides in pertinent part:

> Any person who feels that an injustice has been done him by any order, rule, or regulation of the Commissioner of Planning and Natural Resources . . . may appeal therefrom to the Board of Land Use Appeals by filing a written notice of his appeal with the Board within thirty (30) days after receipt of the order or ruling complained of.

29 V.I.C. § 295(a); *George*, 232 F. Supp. 2d at 489 ("An individual seeking such review of a DPNR decision must file an appeal with the [BLUA] within thirty days of the objectionable decision.") (citing same); *see also* 29 V.I.C. § 295(b)(1) (stating that the BLUA "shall have the power to hear and decide appeals made against any order, rule or regulation, action, or decision made by the Commissioner of Planning and Natural Resources . . . .").

The BLUA is required to take action within thirty days of the receipt of such appeals. § 295(b)(5). After "hold[ing] a public hearing in cases of appeal with due notification to the interested parties," § 295(b)(2), the BLUA is empowered to "reverse or affirm, wholly or in part, or . . . modify the order, requirement, decision, or determination appealed from . . . ." § 295(b)(3). Such decisions by the BLUA "shall be subject to review by a court of competent jurisdiction of the Virgin Islands provided an appeal is filed within 45 days of receipt of the decision from the [BLUA]." § 295(b)(6).[3]

---

[3] The Court notes an apparent conflict in the Virgin Islands Code between the 45-day timeframe for appeal listed in § 295(b)(6) (governing appeals), and § 236 (delineating the BLUA's general authority and procedures), which provides in pertinent part that "[t]he action of the [BLUA] shall be final, unless an appeal is taken to the District Court of the Virgin Islands within thirty (30) days of the date upon which the applicant was officially notified of the Board's final action." § 236(c); *see also* § 236(k) (stating that "[a]ny person or persons jointly or severally aggrieved by any decision of the [BLUA] . . . may present to the District Court of the Virgin Islands a

7

**B.     Exhaustion Requirement**

As the Supreme Court has explained, the "long settled rule of judicial administration [is] that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938); *La Vallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Mgmt. Com.*, 866 F.2d 616, 620 (3d Cir. 1989) (quoting same). This exhaustion of administrative remedies requirement "rests on the premise that it is more efficient to allow the administrative process to go forward without interruption than to permit parties to involve the court at various intermediate intervals." *La Vallee*, 866 F.2d at 620. Failure to exhaust administrative remedies is an appropriate "ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Henry v. Hyannis Air Servs., Inc.*, 2011 U.S. Dist. LEXIS 14614, *6 (D.V.I. Feb. 11, 2011) (citation and internal quotation marks omitted); *see also Anjelino v. New York Times Co.*, 200 F.3d 73, 87-88 (3d Cir. 2000).

Despite the benefits of the exhaustion doctrine, a plaintiff may be excused from the general requirement of exhausting administrative remedies under three circumstances: (1) "when the challenged agency action constitutes a clear and unambiguous violation of statutory and constitutional rights"; (2) "when reliance on administrative procedures is clearly and demonstrably inadequate to prevent irreparable injury"; and (3) "when exhaustion is futile." *La Vallee*, 866 F.2d at 620 (citing *Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor*, 619 F.2d 231, 245 (3d Cir. 1980)); *Int'l Ass'n of Firefighters v. Gov't of the V.I.*, 2007

---

petition duly verified, setting forth that such decision is illegal, in whole or in part, and specifying the ground of the illegality . . . within thirty (30) days" of being advised of the petition). The Court need not resolve this tension to address the case at bar because Plaintiffs never filed an appeal of any DPNR action to the BLUA in the first instance, nor did they appeal a BLUA decision to this or any other court.

U.S. Dist. LEXIS 73551, *6 (D.V.I. Aug. 13, 2007) (citations omitted). The party seeking to be excused from the exhaustion requirement bears the burden of proof. *J.T. v. Dumont Pub. Schs.*, 2013 U.S. App. LEXIS 8504, * 25-26 (3d Cir. Apr. 26, 2013) (citing *Honig v. Doe*, 484 U.S. 305, 327 (1988)).

Here, Plaintiffs argue that their failure to pursue an appeal before the BLUA—and, therefore, to exhaust administrative remedies—should be excused. In particular, Plaintiffs contend that their failure should be excused because the "actions of DPNR constitute a clear and unambiguous violation of constitutional and statutory rights," and "the administrative procedures outlined in 29 V.I.C. § 295 are wholly inadequate to prevent irreparable injury." (Dkt. No. 21 at 4-5). The Court disagrees and will address each argument in turn.

**1.  Statutory Violation**

With respect to the contention that DPNR clearly violated their statutory rights, Plaintiffs claim that during the permitting process, DPNR failed to provide Plaintiffs with the pre-permitting procedures (*i.e.* notice and opportunity to be heard) required by DPNR's "new rules and regulations." (Dkt. No. 21 at 10). These rules and regulations were issued on December 28, 2011. (Dkt. No. 10-3). The pre-permitting procedures about which Plaintiffs complain, however, occurred in 2008—before the new rules and regulations were issued.[4] Thus, for Plaintiffs to prevail on their contention that the pre-permitting conduct violated the new rules and regulations, the Court would have to apply these new rules and regulations retroactively.

In this case, the new rules and regulations are silent with respect to their effective date or whether the regulations are to be applied retroactively. (*See* Dkt. No. 10-3). Absent clear

---

[4] DPNR granted the necessary Earth Change and Building Permits for the construction of the telecommunication tower on Plot No. 72 in September and October of 2008, respectively. (Dkt. Nos. 20-16, 20-18).

legislative intent that the new rules and regulations are to be applied retroactively, the Court will decline to do so. *See Kendall v. Daily News Publ. Co.*, 2013 U.S. App. LEXIS 4722, *9-10 (3d Cir. Mar. 8, 2013) ("When interpreting a statute, we normally presume that the statute does not apply retroactively . . . absent clear congressional intent to the contrary.") (citations omitted). Additionally, Plaintiffs have failed to identify—nor has the Court located—any other source demonstrating a clear intent of DPNR that these regulations are to be applied retroactively. Accordingly, the Court finds that Plaintiffs have failed to meet their burden of demonstrating that any actions by DPNR prior to December 28, 2011 clearly violated the new rules and regulations.

Turning to allegations of violations occurring *after* December 28, 2011, Plaintiffs contend that on January 12, 2012, DPNR improperly renewed or reissued the 2008 Earth Change and Building Permits for Plot No. 72. Specifically, Plaintiffs contend that on December 15, 2011, the Commissioner of DPNR responded to a request from Insite to waive the moratorium on tower construction and allow Insite to construct the previously approved and permitted tower on Plot No. 72. (Dkt. No. 20-21). In granting the waiver, DPNR required Insite to comply with the terms of the then-pending regulations, as well as limit the height of the proposed tower to seventy-five feet. (*Id.*). Thereafter, Insite formally filed for a renewal of the Earth Change and Building Permits for Plot No. 72. On January 12, 2012, DPNR issued the permits. The permits indicate that the applications were received and reviewed on the same day they were issued. (Dkt. Nos. 20-22, 20-23).

Here, the Court again finds that Plaintiffs have failed to meet their burden of demonstrating a clear statutory violation. Plaintiffs have not identified any provision within the new rules or regulations which require DPNR to provide notice to the public or an opportunity to

be heard regarding the renewal or reissuance of previously approved permits. Similarly, the Court's own review of the rules and regulations has not uncovered such a requirement.

The Court, therefore, concludes that Plaintiffs have failed to demonstrate a clear statutory violation which would excuse their failure to exhaust administrative remedies before the BLUA.

### 2. Constitutional Violation

Plaintiffs next seek to be excused from administrative exhaustion on the grounds of clear constitutional violations. In particular, Plaintiffs assert that throughout the permitting process, DPNR clearly violated their constitutional rights to procedural and substantive due process. Plaintiffs have failed to demonstrate a clear violation of either right.

"[T]o establish a *procedural* due process claim, a plaintiff must demonstrate that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Iles v. de Jongh*, 638 F.3d 169, 173 (3d Cir. 2011) (emphasis added, citations and internal quotations omitted); *Perano v. Twp. of Tilden*, 423 F. App'x 234, 237-38 (3d Cir. 2011) ("To make out a procedural due process claim, [Plaintiff] must show that the Defendants deprived him of a protected property interest and that the state procedure for challenging the deprivation was constitutionally inadequate.") (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006)); *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 138 (3d Cir. 2010)). However, a plaintiff cannot establish a procedural due process claim if the plaintiff has not "taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). "If there is a process on the books that appears to provide due process, the plaintiff

11

cannot skip that process and use the federal courts as a means to get back what he wants." *Id.* (citations omitted).

Here, Plaintiffs have conceded that they failed to challenge DPNR's actions in the manner prescribed under Virgin Islands law: by filing an appeal with the BLUA. Because Plaintiffs declined to partake in the process available to them, the Court cannot evaluate the sufficiency of the process that they would have received had they appealed to the BLUA. Nor have Plaintiffs offered any evidence that the BLUA procedures were "unavailable or patently inadequate." *Id.*; *see also Perano*, 423 F. App'x at 237-38 (3d Cir. 2011) (requiring plaintiff to establish that "the state procedure for challenging the deprivation was constitutionally inadequate"). Accordingly, Plaintiffs have failed to establish a clear violation of their procedural due process rights.

Turning to their remaining claim of clear constitutional violation, substantive due process involves the "protection of the individual against arbitrary action of government." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 558, (1974)). To prevail on a Fourteenth Amendment substantive due process claim, Plaintiffs must first establish that, as a threshold matter, they have a protected constitutional interest at issue. *McCurdy v. Dodd*, 352 F.3d 820, 825-26 (3d Cir. 2003); *Skiles v. City of Reading*, 449 F. App'x 153, 157 (3d Cir. 2011). Assuming that this threshold is met, Plaintiffs must then prove that government employees engaged in conduct that "shocks the conscience." *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 399-400 (3d Cir. 2003); *Skiles*, 449 F. App'x at 157. "[O]nly the most egregious official conduct" shocks the conscience. *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (citations and internal quotation marks omitted). In

the context of land use and zoning disputes—like the instant case—this high standard is "designed to avoid converting federal courts into super zoning tribunals." *Id.*

Here, Plaintiffs claim that DPNR's failure to provide adequate pre-deprivation procedures before granting Insite permits to erect the tower violated their real property interests and amounted to arbitrary conduct which shocks the conscience. The parties do not dispute that interest in real property is constitutionally protected. Nonetheless, Plaintiffs have failed to demonstrate a clear substantive due process violation arising from this land use dispute because the alleged misconduct of DPNR is not of the type or caliber which "shocks the conscience." At most, Plaintiffs have alleged that DPNR did not provide them with an adequate opportunity or appropriate procedures to object to the construction of the tower on Plot No. 72. (*See* Dkt. No. 10-2 at 6-11). However, even accepting the allegations as true and viewing them in the light most favorable to Plaintiffs—as the Court must do under the applicable legal standard—the conduct alleged does not rise to the level of a clear violation of a constitutional substantive due process right. *See Eichenlaub*, 385 F.3d at 286 (holding that inconsistent application of zoning requirements, unnecessary inspections, delaying permits and approvals, improperly increasing tax assessments, and "malign[ing] and muzzl[ing]" a property owner were not enough to shock the conscience when those actions were not coupled with interference with a constitutionally protected activity or ethnic bias); *Highway Materials, Inc. v. Whitemarsh Twp.*, 386 F. App'x 251, 257-58 (3d Cir. 2010) ("[Plaintiff] claims that defendants intentionally refused to cooperate with it, improperly applied Township ordinances, treated it differently from nearby owners, and actively sought reasons to deny it the opportunity to develop its land. Looking at the totality of the facts on the record, and the reasonable inferences that can be drawn therefrom in [plaintiff]'s favor, defendants' actions, crystalizing in the re-zoning of [plaintiff]'s property and subsequent

denial of [plaintiff]'s preliminary proposal, simply do not shock the conscience.); *Whittaker v. Cnty. of Lawrence*, 437 F. App'x 105, 109 (3d Cir. 2011) ("[T]he Property Owners simply allege that the defendants did not follow state law in taking their property. While this certainly is not conduct without a remedy, the remedy is not provided by the Federal Constitution's substantive due process clause.").

Complaints related to zoning requirements, inspections, and permits are "frequent in [land use] planning disputes" and, while adversely affected property owners can couch such complaints as abuses of legal authority, the complaints do not rise to the level of substantive due process violations. *Eichenlaub*, 385 F.3d at 286. Thus, Plaintiffs have failed to demonstrate a clear violation of their substantive due process rights.

### 3. Irreparable Injury

Finally, Plaintiffs argue that their failure to exhaust administrative remedies should be excused because the "appellate power of the [BLUA] . . . is insufficient to prevent the irreparable injury suffered by the Plaintiffs," and the "statutory scheme does not provide for injunctive relief[.]" (Dkt. No. 21 at 13). Despite Plaintiffs' contrary contentions, the BLUA is designed and empowered to prevent the very harm Plaintiffs complain of in the instant action.

As discussed *supra*, Part III.A., the BLUA has "the power to hear and decide appeals made against any order, rule or regulation, action, or decision made by the Commissioner of Planning and Natural Resources . . . ." 29 V.I.C. § 295(b)(1). Consistent with this authority, the BLUA is empowered to "reverse or affirm, wholly or in part, or . . . modify the order, requirement, decision, or determination appealed from . . . ." § 295(b)(3).

Here, Plaintiffs contend that DPNR improperly permitted Insite to construct the tower on Plot No. 72, and that they have been irreparably harmed as a result of the construction of this

tower. DPNR's permitting decisions, however, are the very type of decisions which are to be appealed to the BLUA, and which the BLUA has the authority to "reverse" or "modify." § 295(b)(3). Plaintiffs have offered nothing to convince the Court that appealing to the BLUA in this context would have been "clearly and demonstrably inadequate to prevent" the alleged harm stemming from the construction of the tower. *La Vallee*, 866 F.2d at 620-21.[5]

Accordingly, the Court concludes that Plaintiffs have failed to demonstrate that the BLUA appeals process would have been inadequate to prevent the alleged irreparable harm in this case.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs have failed to justify their admitted failure to exhaust administrative remedies before initiating this action. Accordingly, the Court will grant Insite's Motion to Dismiss (Dkt. No. 12) and dismiss this action. An appropriate Order accompanies this Memorandum Opinion.

Date: August 16, 2013  _____/s/_____
WILMA A. LEWIS
Chief Judge

---

[5] Plaintiffs also contend that appealing to the BLUA would have been inadequate because they did not learn of DPNR's decision to reissue the permit until the permits were posted at Plot No. 72 in April of 2012, after the time period for filing an appeal had already expired. (Dkt. No. 21 at 13). This argument is unpersuasive, however, because the time period for filing an appeal with the BLUA begins to run upon "receipt of the order or ruling complained of." § 295(a).