DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| LORETTA TUTEIN, ROBERT TUTEIN, JAMES THOMAS, JEANINE THOMAS, DANDRIDGE HENRY, DEROY JEREMIAH, EVANNIE JEREMIAH, JOAQUIN MERCADO, LISEL MERCADO, CARLTON GREENE, FRANCIS DANIEL, ROSE DANIEL, and CAROLYN JOSPEH,<br><br>    **Plaintiffs,**<br>  v.<br><br>INSITE TOWERS, LLC,<br><br>    **Defendant.** | Civil Action No. 2012-0071 |

**Attorneys:**
**Kye Walker, Esq.,**
St. Croix, U.S.V.I.
  *For Plaintiffs*

**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
  *For Defendant*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on an Order to Show Cause entered on April 6, 2015 (Dkt. No. 101); Plaintiffs' Response, filed on April 14, 2015 (Dkt. No. 102); Defendant's Reply to Plaintiffs' Response, filed on May 1, 2015 (Dkt. No. 103); Plaintiffs' Response to Defendant's Reply, filed on May 21, 2015 (Dkt. No. 107); and the status conference held on June 19, 2015. For the reasons set forth herein, the Court will discharge the Order to Show Cause and impose on Plaintiffs' counsel a monetary sanction to be awarded to Defendant after the Court's review of the attorney's fees and costs reasonably incurred by Defendant as a result of the dilatoriness of Plaintiffs' counsel.

## I.  BACKGROUND

By Opinion and Judgment issued on July 10, 2014, the Third Circuit affirmed in part and reversed in part this Court's August 16, 2013 Order, and remanded this case for further proceedings. (Dkt. Nos. 79-1, 79-2). The Court of Appeals reversed the portion of the August 16, 2013 Order dismissing the claims against Defendant InSite Towers, LLC. (Dkt. No. 79-2 at 6-7). On November 4, 2014, this Court held a status conference to discuss the course of the proceedings moving forward.[1] At the status conference, Plaintiffs represented that they needed fourteen days to file a Second Amended Complaint. On November 5, 2014, the Court issued an Order that granted Plaintiffs leave to file a Second Amended Complaint on or before November 18, 2014. (Dkt. No. 92). A Second Amended Complaint was not filed by the November 18, 2014 deadline, nor was an extension of time within which to file a Second Amended Complaint requested.[2]

On February 9, 2015, Defendant filed a Renewed Motion to Dismiss Plaintiffs' First Amended Verified Complaint. (Dkt. No. 94). After the deadline for filing a response to Defendant's Renewed Motion to Dismiss had passed without a response from Plaintiffs or a motion to extend time within which to respond, Defendant, on March 11, 2015, filed a "Motion for Order Setting a Date Certain for Plaintiffs to Respond to InSite's Renewed Motion to Dismiss." (Dkt. No. 97). On March 12, 2015, this Court issued an Order that granted Defendant's Motion for a Date Certain, and ordered Plaintiffs to file a response to Defendant's Renewed Motion to Dismiss by March 19, 2015. (Dkt. No. 98).

---

[1] The status conference was initially scheduled for September 15, 2014 (Dkt. No. 80), but was subsequently rescheduled at the request of the parties (Dkt. Nos. 81, 82, and 86).

[2] On May 21, 2015, Plaintiffs, without reference to their failure to file a Second Amended Complaint by November 18, 2014, filed a "Motion for Leave to File Second Amended Complaint." (Dkt. No. 108). The Motion was subsequently withdrawn. (Dkt. No. 111). On October 29, 2015, Plaintiffs again filed a "Motion for Leave to File Second Amended Complaint" (Dkt. No. 117), which is currently pending before the Court.

On March 19, 2015, Plaintiffs filed a "Motion for Extension of Time to File Response to InSite's Renewed Motion to Dismiss," wherein they requested until March 23, 2015 within which to file a response. (Dkt. No. 99). Later that same day, the Court issued an Order that granted Plaintiffs' Motion and extended the deadline to file their response to March 23, 2015. (Dkt. No. 100). Plaintiffs did not file a response to Defendant's Renewed Motion to Dismiss by March 23, 2015.

Two weeks later, on April 6, 2015, the Court entered an Order to Show Cause, which directed Plaintiffs to show cause by April 13, 2015 "why this matter should not be dismissed for failure to prosecute." (Dkt. No. 101). The Order also instructed "that, if Plaintiffs assert that this matter should not be dismissed for failure to prosecute, Plaintiffs shall explain in their submission the reason(s) for their failure to comply with the deadlines set forth in the Local Rules of Civil Procedure and in the Court's March 19, 2015 Order." (*Id.*).

On April 14, 2015, Plaintiffs filed a Response to the Court's Order to Show Cause, wherein counsel for Plaintiffs stated that her "schedule[] prevented [her] from filing a timely response to the pending Motion to Dismiss," and that "while [she had] failed to respond to the Motion to Dismiss such failure does not warrant dismissal of the First Amended Verified Complaint." (Dkt. No. 102 at 1-2). To support the assertion that this matter should not be dismissed for failure to prosecute, Plaintiffs conducted an analysis of the factors enumerated in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). (*Id.* at 2-5). Defendant filed a Reply (Dkt. No. 103), and Plaintiffs responded (Dkt. No. 107).

On June 19, 2015, this Court held a status conference, at which the Court discussed Plaintiffs' "Motion for Leave to File Second Amended Complaint," which was filed on May 21, 2015 (Dkt. No. 108), and the Court's Order to Show Cause (Dkt. No. 101). During the status conference, counsel for Plaintiffs made several representations regarding Plaintiffs' failure to file

3

a Second Amended Complaint by the November 18, 2014 deadline and Plaintiffs' failure to respond to Defendant's Renewed Motion to Dismiss. Plaintiffs requested an additional week, from the date of the status conference—until June 26, 2015—within which to respond to Defendant's Renewed Motion to Dismiss. The request was granted by the Court in an Order entered that same day. (*See* Dkt. No. 113).

## II. DISCUSSION

### A. Applicable Legal Principles

Generally, before a court may dismiss a case for failure to prosecute, it must first consider each of the six factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868-69 (3d Cir. 1984).[3] Those factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*See id.* Accordingly, the Court will apply each of the *Poulis* factors to the circumstances of this case.[4]

### B. Analysis

#### 1. Extent of Plaintiffs' Personal Responsibility

With respect to the first *Poulis* factor, the extent of Plaintiffs' personal responsibility, there is no indication by either party that Plaintiffs bear personal responsibility for their counsel's

---

[3] Under Federal Rule of Civil Procedure 41(b), "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Harrison v. Coker*, 587 F. App'x 736, 740 n.4 (3d Cir. 2014) (citing FED. R. CIV. P. 41(b)).

[4] In an Order entered on June 19, 2015, the Court stated that it "[would] not dismiss this matter for failure to prosecute." (Dkt. No. 113 at 1). However, the Court also stated that "the Court's Order to Show Cause and the parties' respective responses [would] remain under advisement with the Court for further consideration of whether some lesser sanction is appropriate." (*Id.* at 1-2). The Court's analysis of the *Poulis* factors in the instant Memorandum Opinion and Order will address whether some lesser sanction is appropriate.

4

inability to meet deadlines and comply with the Court's Orders. In fact, counsel for Plaintiffs states in Plaintiffs' Response to the Court's Order to Show Cause that "Plaintiffs are not personally responsible for the dilatory conduct," and that she "acknowledges that the delay in responding to the [Renewed Motion to Dismiss Plaintiffs'] First Amended Verified Complaint is her responsibility." (Dkt. No. 102 at 3). Because the delay in responding to Defendant's Renewed Motion to Dismiss was caused by Plaintiffs' counsel and not Plaintiffs themselves, the Court finds that the first *Poulis* factor weighs against dismissal.

### 2. Prejudice to the Adversary

Next, the Court considers the second *Poulis* factor—prejudice to the adversary. In their Response to the Court's Order to Show Cause, Plaintiffs contend that "Defendant[] suffer[s] no prejudice due to the brief delay in responding to the Motion to Dismiss." (Dkt. No. 102 at 3). Specifically, Plaintiffs state that "[t]he response to the renewed Motion to Dismiss has . . . been delayed for a brief period of six (6) weeks." (*Id.*). Therefore, "any prejudice[,] if any[,] is minimal." (*Id.*). However, prejudice under a *Poulis* analysis "does not require a demonstration of 'irremediable harm;' Defendants need merely demonstrate the 'extra costs of repeated delays and filing of motions necessitated by the improper behavior on the part of plaintiffs.'" *Mendez v. Puerto Rican Int'l, Cos.*, 2013 U.S. Dist. LEXIS 143446, at * 17-18 (D.V.I. Sept. 27, 2013) (quoting *Andrews v. Gov't of the Virgin Islands*, 132 F.R.D. 405, 412, 25 V.I. 284 (D.V.I. 1990) *aff'd*, 935 F.2d 1280 (3d Cir. 1991)).

In the instant case, the record shows that Defendant has clearly been prejudiced—in terms of time and expense—by Plaintiffs' failure to timely respond to its Renewed Motion to Dismiss and comply with the Court's Orders. As Plaintiffs acknowledge in their Response to the Court's Order to Show Cause, Defendant was forced to file a Motion for Order Setting a Date Certain (Dkt. No. 97) after the deadline for responding to Defendant's Renewed Motion to Dismiss passed

without a response from Plaintiffs. (*See* Dkt. No. 102 at 3). Defendant also filed a "Reply to Plaintiffs' Response to Order to Show Cause" (Dkt. No. 103) and an "Opposition to Plaintiffs' Motion for Two Day Extension of Time *Nunc Pro Tunc* to Respond to InSite's Reply to Plaintiffs' Response to Order to Show Cause" (Dkt. No. 105) as a result of Plaintiffs' failure to file a response to Defendant's Renewed Motion to Dismiss by the March 23, 2015 extended deadline. Finally, Defendant filed a "Response to Plaintiffs' Motion for Leave to File Second Amended Complaint" (Dkt. No. 109) due to Plaintiffs' delay in filing their Second Amended Complaint. Because of the additional costs incurred by Defendant as a result of the filings necessitated by Plaintiffs' inaction, the second *Poulis* factor weighs in favor of dismissal.

### 3. History of Dilatoriness

The third *Poulis* factor requires the Court to consider whether there has been a history of dilatoriness on Plaintiffs' part. In their "Response to Court's Order to Show Cause," Plaintiffs contend that "[t]here is no history of dilatoriness in the instant action" because Plaintiffs, "at considerable expense, [have] already responded to a previous motion to dismiss . . . other motions, and successfully litigated the appeal that returned the matter to the District Court's docket." (Dkt. No. 102 at 4). Plaintiffs also contend that they "participated in discovery before the matter was dismissed and appealed." (*Id*.). They assert that "[t]he dilatory conduct exhibited . . . is recent and not indicative of how the case has been litigated." (*Id*.). Defendant disputes that Plaintiffs have no history of dilatoriness in this case and that Plaintiffs engaged in any meaningful discovery before this matter was dismissed. (Dkt. No. 103 at 6-7).

Even giving Plaintiffs the benefit of the doubt that they timely responded to deadlines early in the litigation, the record reflects that they later failed to file a Second Amended Complaint by the deadline set forth in the Court's November 5, 2014 Order; failed to respond to Defendant's Renewed Motion to Dismiss Plaintiffs' First Amended Verified Complaint in accordance with

6

Local Rule of Civil Procedure 12.1(b); failed to comply with the Court's March 19, 2015 Order; and failed to file a timely response to the Court's Order to Show Cause. The Third Circuit noted in *Poulis* that, "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history by counsel of ignoring these time limits is intolerable." 747 F.2d at 868.

Although Plaintiffs focus on their past conduct, the Court finds that Plaintiffs have demonstrated a history of dilatoriness from the November 18, 2014 deadline for filing a Second Amended Complaint through the May 21, 2015 filing of a "Motion for Leave to File Second Amended Complaint." Plaintiffs' failures during this period resulted in the need for several additional filings by Defendant, as well as the need for the Court to issue an Order to Show Cause and to convene a status conference in connection therewith. Accordingly, the Court finds that the third *Poulis* factor weighs in favor of dismissal.

### 4. Willful and Bad Faith Conduct

As for the fourth *Poulis* factor, whether the conduct of Plaintiffs or their counsel was willful or the result of bad faith, the Court finds that there is no indication that Plaintiffs' failure to comply with the deadlines set forth in the Local Rules of Civil Procedure and the Court's Orders was willful or in bad faith. *See Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994) (stating that "[i]n evaluating a dismissal, [the] court looks for the type of willful or contumacious behavior which [has been] characterized as flagrant bad faith" and that "[w]illfulness involves intentional or self-serving behavior") (citation and internal quotation marks omitted)). In Plaintiffs' Response to the Court's Order to Show Cause and at the June 19, 2015 status conference, counsel for Plaintiffs relied on her "hectic schedule" as an excuse for not prosecuting this case. (*See* Dkt. No. 102 at 5). Although the Court finds that such an excuse is

7

unacceptable, "an absence of good faith effort to prosecute . . . does not necessarily amount to willfulness or bad faith[.]" *Adams*, 29 F.3d at 876. Instead, "it is a prime example of inexcusable negligent behavior." *Id*. Accordingly, the Court finds that the fourth *Poulis* factor weighs against dismissal.

### 5. Effectiveness of Alternative Sanctions

With respect to the fifth *Poulis* factor, the effectiveness of alternative sanctions, a court has "undisputed authority to impose other sanctions for failure to comply with its authority[,]" including the imposition of attorney's fees and costs. *Difrancesco v. Ararmark Corp.*, 169 F. App'x 127, 131 (3d Cir. 2006); *see also Poulis*, 747 F.2d at 869 ("The district court . . . could have imposed on plaintiffs' counsel the costs, including attorney's fees, of preparing the motion to compel answers to interrogatories and the brief on alternative sanctions, all of which were incurred because of the dilatoriness of plaintiffs' counsel."). Under the circumstances here, the Court finds that the imposition on Plaintiffs' counsel of a monetary sanction to be awarded to Defendant—after the Court's review of the attorney's fees and costs reasonably incurred by Defendant as a result of the dilatoriness of Plaintiffs' counsel—would be appropriate. *See Poulis*, 747 F.2d at 869. As such, the fifth *Poulis* factor weighs against dismissal.

### 6. Meritoriousness of Claim or Defense

The sixth and final *Poulis* factor is the meritoriousness of Plaintiffs' claims. Under *Poulis*, a District Court assesses the merits of a claim under the same standard as a Rule 12(b)(6) motion to dismiss. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *see also Poulis*, 747 F.2d at 869-70 ("A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."). In view of the arguments made in Defendant's previously filed Motion to Dismiss (Dkt. No. 94), the Court will not prematurely opine on the merits of Plaintiffs' claims. Because the Third

Circuit has "never held that *Poulis*' sixth factor is determinative," the Court finds that this factor is neutral. *Hudson v. Coxon*, 149 F. App'x 118, 120 n.2 (3d Cir. 2005) (stating that requiring the sixth *Poulis* factor to be determinative "would confuse Rule 12(b)(6) with Rule 41(b)"). Thus, the sixth *Poulis* factor neither weighs in favor of nor against dismissal.

### III.  CONCLUSION

The Third Circuit has stated that "[i]n weighing the *Poulis* factors, the established presumption is that 'doubts should be resolved in favor of reaching a decision on the merits.'" *Barger v. Walton*, 260 F. App'x 476, 478 (3d Cir. 2008) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984)); *see also Poulis*, 747 F.2d at 866 (stating that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff"). It is clear from the record that there has been prejudice to Defendant, in terms of time and expense, and a history of dilatoriness on the part of Plaintiffs' counsel. However, these factors are outweighed by the lack of Plaintiffs' personal responsibility, the absence of willful or bad faith conduct by Plaintiffs or their counsel, and the availability of an alternative and more appropriate sanction. Accordingly, the Court concludes that, under the circumstances of this case, dismissal is not warranted.

The Court will, however, as an alternative sanction, impose on Plaintiffs' counsel a monetary sanction to be awarded to Defendant after the Court's review of the attorney's fees and costs reasonably incurred by Defendant for the following: (1) Defendant's "Motion for Order Setting a Date Certain for Plaintiffs to Respond to InSite's Renewed Motion to Dismiss" (Dkt. No. 97); (2) Defendant's "Reply to Plaintiffs' Response to Order to Show Cause" (Dkt. No. 103); (3) Defendant's "Opposition to Plaintiffs' Motion for Two Day Extension of Time *Nunc Pro Tunc* to Respond to InSite's Reply to Plaintiffs' Response to Order to Show Cause" (Dkt. No. 105); (4)

Defendant's "Response to Plaintiffs' Motion for Leave to File Second Amended Complaint" (Dkt. No. 109); and (5) the status conference held on June 19, 2015.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Court's Order to Show Cause is discharged; and it is further

**ORDERED** that Defendant shall have up to and including **February 12, 2016** within which to submit an accounting of the attorney's fees and costs incurred for each of the following:

(1) Defendant's "Motion for Order Setting a Date Certain for Plaintiffs to Respond to InSite's Renewed Motion to Dismiss" (Dkt. No. 97);

(2) Defendant's "Reply to Plaintiffs' Response to Order to Show Cause" (Dkt. No. 103);

(3) Defendant's "Opposition to Plaintiffs' Motion for Two Day Extension of Time *Nunc Pro Tunc* to Respond to InSite's Reply to Plaintiffs' Response to Order to Show Cause" (Dkt. No. 105);

(4) Defendant's "Response to Plaintiffs' Motion for Leave to File Second Amended Complaint" (Dkt. No. 109); and

(5) the status conference held on June 19, 2015.

**SO ORDERED.**

Date: January 29, 2016 _____/s/_____
                                                        WILMA A. LEWIS
                                                        Chief Judge